NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WALID MUHAMMAD,<br><br>   *Plaintiff*,<br><br>  v.<br><br>NIKE, INC.,<br><br>   *Defendant*. | Civil Action No. 20-17892<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

  This matter comes before the Court by way of a partial motion to dismiss filed by Defendant Nike, Inc. ("Nike"). D.E. 13. *Pro se* Plaintiff Walid Muhammad does not appear to oppose Defendant's motion. The Court reviewed Defendant's submission[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

 **I.**  **FACTUAL[2] AND PROCEDURAL BACKGROUND**

  Plaintiff alleges that his company, IFIMAKEIT, owns several trademarks of an image of an eye inside an inverted triangle on various types of clothing.[3] Compl. at 7-8. Plaintiff uses this

---

[1] Defendant's brief in support of its motion to dismiss, D.E. 13-1, shall be referred to as "Def. Br."

[2] The factual background is taken from Plaintiff's Complaint ("Compl"). D.E. 1. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] The Complaint names Walid Muhammad and IFIMAKEIT, a New Jersey corporation, as Plaintiffs in this matter. But as an entity, IFIMAKEIT cannot proceed as a plaintiff without counsel. *See In re 69 N. Franklin Turnpike, LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) ("It is

image to market, promote and distribute apparel for IFIMAKEIT. *Id.* Plaintiff maintains that his mark is well known and famous because IFIMAKEIT sponsors hip-hop music videos; the mark was published on a "well known" website, worldstarhiphop.com; the mark appears in a music video featuring Soulja Boy, and clothing with the mark has been worn by celebrity musicians and athletes. *Id.* at 12.

Plaintiff further alleges that Nike manufacturers and sells a basketball shoe that has the image of an eye inside of a triangle on the heel of the shoe. Plaintiff contends that this image infringes IFIMAKEIT's trademarks. *Id.* at 8. The Nike shoe at issue is associated with NBA star Kyrie Irving. *Id.* Plaintiff contends that Irving was "intimately familiar" with IFIMAKEIT's trademark because Irving went to high school within fifteen miles of IFIMAKEIT's establishment in Montclair, New Jersey. *Id.* Thus, Plaintiff continues, Nike's use of the similar mark is a "blatant attempt" to trade on the commercial goodwill of the IFIMAKEIT mark and "free ride" on IFIMAKEIT's fame as a clothing brand. *Id.* at 9.

Through his Complaint, Plaintiff asserts claims for federal trademark infringement and dilution pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq*. *Id.* at 15-16. On April 19, 2021, Defendant filed the instant motion, seeking only to dismiss Plaintiff's claim for trademark dilution pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 13. As noted, Plaintiff did not oppose the motion.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under

---

well established that a corporate entity such as a limited liability company may not proceed pro se and must be represented by legal counsel.").

2

Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

**III.     ANALYSIS**

Defendant contends that Plaintiff's trademark dilution claim fails as a matter of law because Plaintiff's mark is not famous. Def. Br. at 7-11. "The federal cause of action for trademark dilution grants extra protection to strong, well-recognized marks even in the absence of a likelihood of consumer confusion—the classical test for trademark infringement—if the defendant's use diminishes or dilutes the strong identification value associated with the plaintiff's famous mark." *Times Mirror Magazines, Inc. v. Las Vegas Sports News, L.L.C.*, 212 F.3d 157,

3

163 (3d Cir. 2000); *see also* 15 U.S.C. § 1125(c)(1). A trademark dilution claim has the following elements: (1) "plaintiff is the owner of a mark that qualifies as a 'famous' mark," (2) defendant is making commercial use of the mark in interstate commerce, (3) defendant began using the mark after the plaintiff's mark became famous, and (4) "[d]efendant's use causes dilution by lessening the capacity of the plaintiff's mark to identify and distinguish goods or services." *Id.*

A famous mark is one that is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). This is a "rigorous standard, as it extends protection only to highly distinctive marks that are well-known throughout the country." *Green v. Fornario*, 486 F.3d 100, 105 (3d Cir. 2007). To determine whether a mark is famous, Section 1125(c)(2)(A) provides that a court may consider all relevant factors, including the following:

> (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties.
> (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark.
> (iii) The extent of actual recognition of the mark.

15 U.S.C. § 1125(c)(2)(A).

Whether a mark is famous can be addressed through a motion to dismiss. *See, e.g.*, *Rockwell Automation, Inc. v. Radwell Int'l, Inc.*, No. 15-5246, 2016 WL 7018531, at *6 (D.N.J. Nov. 30, 2016) ("Because Plaintiff fails to plead facts supporting wide recognition of its marks by the general consuming public, it fails to state a claim for trademark dilution."); *Xtreme Caged Combat v. ECC Fitness*, No. 12-3855, 2012 WL 5893970, at *6 (E.D. Pa. Nov. 21, 2012) (dismissing trademark dilution claim because the plaintiff failed to plead sufficient facts for the court to conclude that the mark was famous).

Here, Plaintiff does not plead sufficient facts demonstrating that his mark his famous. Plaintiff pleads that he has sold apparel with the mark and used it for marketing and promotions for six years, Compl. at 1, and that hundreds of thousands of people around the world have been exposed to the mark, *id.* In addition, Plaintiff pleads that "recent annual sales of products" bearing the mark total "a little less than fifteen thousand dollars," such that IFIMAKEIT's brand is up and coming. *Id.* at 12. Finally, Plaintiff pleads that he has spent more than ten thousand dollars on advertising and promoting IFIMAKEIT. *Id.* These allegations fall short of adequate allegations through which the Court could plausibly infer a famous mark. *Compare E.A. Sween Co., Inc. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 573-74 (D.N.J. 2014) (finding that the plaintiff sufficiently alleged fame in deciding a motion for default judgment where marks were in continuous use since 1982 and the plaintiff's products were available in multiple outlets nationwide with over one million units sold per week), *with Harp v. Rahme*, 984 F. Supp. 2d 398, 422 (E.D. Pa. 2013) (granting summary judgment for the defendant because the plaintiff "presented no evidence . . . to demonstrate national distribution, let alone national recognition, including no evidence of the extent or geographic reach of advertising or sales, or actual consumer recognition").

Instead, through Plaintiff's allegation the Court could plausibly infer that IFIMAKEIT has some recognition within the hip-hop music industry. *See* Compl. at 12 (alleging that "consumers of hip-hop apparel" will recognize his mark). But recognition within a specific niche market is insufficient to establish fame. As discussed, the mark must be "widely recognized by the general consuming public of the United States" to be famous. *Green,* 486 F.3d at 105 (quoting 15 U.S.C. § 1125(c)(2)(A)); *see also Harp*, 984 F. Supp. 2d at 421 (noting that due to amendment to the federal dilution statute, courts "reject dilution claims based on niche fame, *i.e.* fame limited to a

particular channel of trade, segment of industry or service, or geographic region." (quoting *Dan-Foam A/S v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 306 n.87 (S.D.N.Y. 2007))). For example, in *Rockwell Automation*, the court explained that "[a]lthough these facts may support a contention that Plaintiff's marks are well-known in the sector of industrial automation and information, they do not show that the marks are widely recognized by the general consuming public throughout the country." 2016 WL 7018531, at *6. Accordingly, the court in *Rockwell Automation* dismissed the trademark dilution claim. Here, Plaintiff's allegations that the mark at issue is well known in the hip-hop market is insufficient to establish fame, as required by 15 U.S.C. § 1125(c)(2)(A). Plaintiff fails to plead facts demonstrating that the mark is widely recognized by consumers beyond the hip-hop market. Thus, Plaintiff fails to plead sufficient facts demonstrating that the mark is famous. Plaintiff's trademark dilution claim, therefore, is dismissed.

Defendant contends that the dilution claim should be dismissed with prejudice because any amendment would be futile. Def. Br. at 10. When dismissing claims pursuant to Rule 12(b)(6), a court typically gives a plaintiff leave to amend, provided that any deficiencies could be cured through an amended pleading. *See Shave v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). Although it is not clear if Plaintiff will be able to cure his trademark dilution claim, because Plaintiff is proceeding *pro se*, the Court will provide Plaintiff with an opportunity to amend. Consequently, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.

Therefore, for the reasons set forth above and for good cause shown,

IT IS on this 10th day of September 2021

**ORDERED** that Defendant's partial motion to dismiss, D.E. 13, is **GRANTED** and Plaintiff's trademark dilution claim is **DISMISSED**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from receipt of this Opinion & Order to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, the claim dismissed herein will be dismissed with prejudice; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to Plaintiff via certified and regular mail.

_____
John Michael Vazquez, U.S.D.J.